**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| MAUREEN SNAVELY; and ERIC MARSHALL, <br><br><br>                              Plaintiffs, <br>     v. <br><br> KELLY BAGLEY, <br><br>                            Defendant. | Case No. 12-CV-2388 JAR-JPO |

## JOINT PROTECTIVE ORDER

Pursuant to F.R.Civ.P. Rule 26, and agreement of the parties, the Court enters the following Protective Order:

1.	The purpose of this Order is to prevent the disclosure of matters deemed confidential under the terms of this Order to persons or entities other than those involved in the prosecution or defense of this litigation and to facilitate the exchange of information between the parties.  The Order is necessary to protect confidential employment, financial and health information regarding the plaintiff and employment files of the defendants, which may include non-parties, and criminal justice information. Good cause exists for the issuance of a protective order under F.R.Civ.P. Rule 26.

2.	The parties have agreed that certain documents and information produced or disclosed during this litigation should be treated as confidential. Such information subject to confidential treatment may include documents, interrogatory answers and deposition or other testimony identified below as "Confidential Information." The parties agree that such Confidential Information as described in paragraph 3, below, should be given the protection of an Order of this Court to prevent injury to the plaintiff and others through disclosures to persons other than those persons involved in the prosecution or defense of this litigation.

3.	Any discovery responses (including interrogatory answers, documents produced and responses to requests for admissions) or depositions taken (or portions thereof) in this litigation relating to the following matters may be designated by the producing or testifying party

as Confidential Information:

"Medical information" of the plaintiffs, which term shall refer to: (1) health care provider records and statements, specifically including medical treatment or psychiatric, psychological and counseling records involving the health, treatment and well being of plaintiff; (2) hospital records; (3) billing statements; and (4) any other records or statements involving the health, treatment and well being of plaintiff.

"Employment files" of the City of Whiting, Kansas, which term shall refer to: (1) any personnel file of any employee, including disciplinary files, (2) any personnel files maintained by the defendant, including disciplinary files, grievance files, FMLA files, workers compensation files, medical files, and (3) documents reflecting complaints or concerns regarding employees and corresponding investigation files.

"Financial information" of the parties, which term shall refer to: (1) bank records, (2) credit reporting files, (3) tax returns and related documents, and (4) any other files related to the finances of any party or employee of any party.

"Criminal Justice Information" which term shall refer to information (1) subject to 28 C.F.R. § 20.30 (pertaining to restrictions upon dissemination of Criminal Justice Information Systems [CJIS] information), (2) criminal history information subject to K.S.A. 22-4701, *et seq.*, and (3) investigative information (including "mug shots," in-car camera recordings) not specifically subject to K.S.A. 22-4701, *et seq.* but pertaining to law enforcement activities by the Jackson County Sheriff's Office and/or Jackson County Attorney's Office.

4.      Designating Documents and Discovery Responses Confidential.  The parties may designate as Confidential Information a document or discovery response produced after the entry of this Order by (a) stamping or labeling the document or interrogatory answer with the word "Confidential" or (b) advising the opposing parties in writing at the time of production that certain documents or interrogatory answers are "Confidential."  The parties may designate as Confidential Information any documents or interrogatory answers produced prior to the entry of this Order by (a) stamping or labeling duplicate copies of the documents or interrogatory answers previously produced with the word "Confidential" and delivering the stamped copies to opposing counsel, or (b) advising the opposing parties in writing within 30 days after the entry of this Order that certain documents or interrogatory answers are "Confidential." Unless otherwise ordered by the Court or stipulated to by the parties, only documents or interrogatory answers relating to the subjects enumerated in paragraph 3 may be designated as Confidential Information.

5.      Designating Deposition Testimony as Confidential. The parties may designate deposition testimony relating to the subjects enumerated in Paragraph 3 above as Confidential Information by advising counsel of record within 30 days of receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties.  All deposition testimony shall be deemed to be Confidential Information for a period of 30 days after counsel's receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties.

6.      Any documents, interrogatory answers, admissions or other discovery matters designated as Confidential Information are to be treated by the party receiving the discovery as

confidential and shall be utilized by such party only for the prosecution or defense of this case. Except as may be agreed to by the parties, or ordered by the Court, disclosure of such discovery material or the information contained therein shall be limited to the parties, their counsel, counsel's legal and clerical assistants and witnesses being deposed in this case, and testifying and non-testifying experts, as may from time to time be reasonably necessary in the prosecution or defense of this action. Counsel shall advise all witnesses being deposed and testifying and non-testifying experts to whom discovery materials are disclosed pursuant to this paragraph of the existence of this order, and they shall agree to be bound thereby prior to such disclosure by executing the Acknowledgment attached hereto as Exhibit A.

7.      In the event a party disagrees with the designation of any information as Confidential Information, said party must notify the other party or parties of its challenge in writing and within 30 days of receipt of the confidential materials. Failure by a party to object to the confidentiality designation within the time prescribed will serve as a waiver of any subsequent objection. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the party opposing the confidentiality of the information may apply for appropriate relief from this Court, who shall be permitted to conduct an *in camera* inspection of the confidential materials. The party seeking confidentiality of the information shall have the burden of establishing that the information is entitled to confidential treatment.

8.      This Order is binding upon the parties hereto, their agents and employees, all counsel for the parties and their agents and employees. This Order, insofar as it restricts the communication and use of Confidential Information, shall continue to be binding throughout this litigation, including all appeals. This Order does not restrict the use of or reference to such Confidential Information at trial and/or appeal. Issues of use or admissibility at trial shall be determined by the Court.

9.      In the event counsel for any of the parties determines to file with or submit to the Court any Confidential Material, or information contained therein or derived therefrom, by way of pleadings, motions, briefs, or other papers containing or attaching such materials or information, that party shall comply fully with the provision of Section II(J) of the Court's *Administrative Procedure for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in the United States District Court for the District of Kansas (Rev. July 25, 2007).*

10.     Upon final termination of this action, including all appeals, the receiving party or parties of designated confidential documents shall be obligated to return such documents to the sending party upon counsel for receiving party receiving a written request from counsel for sending party. Upon receipt of such request, the receiving party shall assemble and return to counsel for the producing party all Confidential Information subject to this Order, within 15 days of receiving such notice.

11.     The intent of this Order is to provide a mechanism by which the parties may protect confidential documents and information during the discovery process. Entry of this Order by the Court does not constitute an adjudication that any information provided pursuant to discovery is, in fact, confidential, and to the extent any dispute arises over whether information is, in fact, confidential, the burden of proving the confidential nature of the information shall be borne by the party making that claim.

12.     If any person having access to Confidential Information violates this Order, said person may be subject to sanctions by the Court for contempt.

Dated September 14, 2012, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U. S. Magistrate Judge

  **_s/Bob Eye_**_____
Robert V. Eye, #10689
Kauffman & Eye
The Dibble Building
123 SE 6th Ave., Suite 200
Topeka, KS 66603-3850
Telephone No. 785-234-4040
Fax No. 785-234-4260
Email address: bob@kauffmaneye.com
Attorney for Plaintiffs


  **_s/David R. Cooper_**_____
David R. Cooper, #16690
Fisher, Patterson, Sayler & Smith, LLP
3550 SW 5th Street, P. O. Box 949
Topeka, KS 66601-0949
Telephone:  785-232-7761
Fax No. 785-232-6604
Email address:  dcooper@fisherpatterson.com
Attorney for Defendant

**CONFIDENTIALITY AGREEMENT**
**EXHIBIT A**

My name is _____. I am employed by

_____, and my business

address is _____. I have read

and I fully understand the provisions of the Protective Order that has been entered by

the United States District Court for the District of Kansas.  I agree to abide by and

comply with all the terms and provisions of that Protective Order. Except as authorized,

I shall not copy or reproduce in any manner the documents or information or any portion

thereof. I shall not disclose any confidential documents, including any notes,

memoranda, or any other form of information derived from those documents, to any

person other than those specifically authorized by the Protective Order. I shall not use

any confidential documents or information for any purposes other than those authorized

by the Protective Order. My pledge of secrecy under this agreement shall continue after

this specific matter is concluded. I understand that violation of the Protective Order or

this Confidentiality Agreement may constitute contempt of court.


By: _____


Date: _____